IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01960–KMT

GEORGE WALKER,

    Plaintiff,

v.

VINCE SUAREZ, Walsenburg Police Captain, and
KEVIN STONER, Deputy District Attorney for Colorado's Third Judicial District, in their individual capacities,

    Defendants.

## ORDER

The matter before the court is Defendants' "Motion to Stay Discovery." (Doc. No. 22 [Mot.], filed Oct. 19, 2015.) Plaintiff did not file a response.

### BACKGROUND

This case arises from Plaintiff's arrest after he allegedly threatened the life of Michael Brown, a Certified Peace Officer with the Colorado's Division of Wildlife. (*See* Doc. No. 5 [Am. Compl.] at 2–4.) The allegations of Plaintiff's complaint set forth the following facts. On April 15, 2015, Michael Brown, who works for Colorado's Division of Wildlife as a Certified Peace Officer, met with Captain Vince Suarez of the Walsenburg Police Department. ( *Id.* ¶¶ 10-11.) Brown told Suarez that earlier in the day he had been called to a pawn shop in Walsenburg

by the owner, Joe Kancilia.[1]  Kancilia stated that when Plaintiff was in the pawn shop, he expressed anger at the Game and Fish Department, and stated that he, Plaintiff, was going to "shoot the chopper down and kill everyone inside." (*Id*., ¶ 12c-d.)  Kancilia also stated that he heard Plaintiff say that he was going to shoot Mike Brown for chasing elk. (*Id*., ¶ 12d.)  Kancilia told Plaintiff to let it go but Plaintiff got angry and said "no way" and made statements which indicated he would be laying in wait for Brown on the road. (*Id*., ¶ 12e-f.)  Kancilia also told Brown that a customer, George Hudrun, was in the pawn shop at the same time and also heard Plaintiff state that he would kill Mike Brown. (*Id*., ¶ 12i).  Brown took written statements from both Kancilia and Hudrun and gave them to Captain Suarez. (*Id*., ¶ 13, Exs. B and C.)

Captain Suarez then drafted an Affidavit for an Arrest Warrant[2] for Plaintiff and presented it to Defendant Stoner, a deputy district attorney for Colorado's Third Judicial District. (*Id.* at 3; Ex. D, Walsenburg Police Department Affidavit for Arrest Warrant.)  After Deputy D.A. Stoner initialed the application for the warrant, Captain Suarez filed it with the state court and on April 16, 2015, Honorable Judge Gary Stork issued the arrest warrant.  Plaintiff was arrested later that day. (*Id*., ¶¶ 17, 18).  On May 11, 2015, Judge Appel dismissed the case upon the prosecution's motion stating "[t]here is insufficient evidence to prove the case beyond a reasonable doubt." (*Id.,* ¶ 21; Ex. F.)

Plaintiff filed this 42 U.S.C. § 1983 action against Defendants Captain Suarez and Deputy District Attorney Stoner alleging violations of his Fourth and First Amendment rights in

---

[1] Plaintiff spells Mr. Kancilia's name "Kancilja" in his Amended Complaint.  However, Mr. Kancilia spells his own name in his Voluntary Statement as Kancilia.  Am. Compl., Ex. B.
[2] The Amended Complaint states "the arrest warrant," in one place and "search warrant" in another. (*Compare* Am. Compl. at 3 ["Prior to filing the application for the *arrest* warrant . . . ."] *with* Am. Compl. at 4 ["After Deputy District Attorney Kevin Stoner reviewed and initialed the application for *search* warrant."] [emphasis added].)

state court on July 30, 2015 and the case was removed to this court on September 9, 2015. Defendants assert qualified and absolute immunity from prosecution under the facts alleged and have since moved to dismiss Plaintiff's lawsuit on that basis. (*See generally* Doc. No. 10 [Def. Suarez Mot. to Dismiss]; Doc. No. 17 [Def. Stoner Mot. to Dismiss]).

## ANALYSIS

Defendants argue that because their Motions to Dismiss assert qualified and absolute immunity and that the balance of interests weigh in favor of a stay, the court should stay discovery until it resolves the Motions to Dismiss. (*See id.* at 1, 3–6.) Plaintiff does not oppose the stay requested by Defendants. (*Id.* at 2.)

Immunity provisions, whether qualified, absolute, or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)). *See also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of

>    diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Fed. R. Civ. P. 26 does, however, provide that

>    [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover,

>    [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.

1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved").  When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. 1987)).

Here, Defendants have alleged that in the case of the police captain, he is protected by qualified immunity and in the case of the prosecutor, that he is protected by absolute immunity. Both Defendants have been sued in their individual capacities only.  *See Rome v. Romero,* 225 F.R.D. 640, 643-644 (D. Colo. 2004)(Qualified immunity is a potential defense only as to Plaintiff's individual-capacity claims under § 1983.)  Both Defendants have moved to dismiss all claims in Plaintiff's Amended Complaint on these bases.  (*See* Def. Suarez Mot. to Dismiss at 4–13 [arguing qualified immunity]; Def. Stoner Mot. to Dismiss at 7–13 [arguing qualified and absolute immunity.])  Permitting discovery to move forward against these Defendants in this context would be a heavy burden on them—one the doctrines of qualified and absolute immunity were created, in part, to avoid.  *See Elder v. Holloway*, 510 U.S. 510, 515 (1994) (stating that the "central purpose" of qualified immunity is to protect public officials from "undue interference with their duties and from potentially disabling threats of liability").  There is no burden on Plaintiff by resolving these threshold issues first and Plaintiff does not oppose the requested stay of discovery.  (Mot. at 2.)  Staying discovery pending the outcome of Defendants' Motion to Dismiss may reduce the court's burden of managing unnecessary discovery disputes if the claims

against Defendants are dismissed.  Finally, neither the interest of nonparties nor the public interest in general prompt the court to reach a different result.  Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case.

Accordingly, it is **ORDERED**

The "Motion to Stay Discovery" (Doc. No. 22) is **GRANTED**.  All discovery in this matter is **STAYED** until resolution of the defendants' pending Motions to Dismiss.

It is further **ORDERED**

The December 7, 2015, scheduling conference is **VACATED.**  Defendants shall file a Joint Status Report within five days of rulings on the motions to dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated this 17th day of November, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge